This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                    No. 34,186

MARCOS AMAYA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Briana Zamora, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellee

MEMORANDUM OPINION

BUSTAMANTE, Judge.

{1}    Defendant appeals his metropolitan-court conviction for driving under the influence ("DWI") in violation of NMSA 1978, Section 66-8-102 (2004), which was affirmed by the district court. We issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. We have carefully considered the arguments raised in the memorandum in opposition, but continue to believe that affirmance is the correct result in this case. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm.

{2}    As we discussed in the notice of proposed disposition, the dispositive question in this case is the temporal length of the deprivation period that occurred prior to the administration of the breath test. If that deprivation period was less than twenty minutes long, it would be a violation of the applicable regulations; on the other hand, if the period was twenty or more minutes, the regulations were complied with and there was no reason for the metropolitan court to disregard the breath-test results. In our notice we pointed out the evidence relied on by the district court in its opinion affirming Defendant's conviction. This evidence consisted of the arresting officer's testimony that he recorded a deprivation period of 19 minutes, recording the end of the period at the same time the breath-test machine began to warm up. [RP 75] The officer also testified that the machine takes two minutes to warm up and run through its diagnostic checks. [RP 75] Thus, the district court found that the deprivation period

in this case was twenty-one minutes, greater than the twenty minutes specified by the regulations. [RP 75]

{3} In response to our notice, Defendant does not claim that the above testimony was not presented to the metropolitan court. However, he maintains that the officer said in his pretrial interview that the deprivation period was nineteen minutes long, recorded a deprivation period of nineteen minutes in his police report, and at trial initially testified that the period was nineteen minutes long. [MIO 16] Defendant states that the officer then contradicted that testimony during the re-direct examination, pursuant to coaching from counsel for the State; counsel for the State apparently directed the officer's attention to the time recorded for the initiation of the deprivation period, or 1:26 a.m., and the time stated on the breath-test card for the first test, or 1:48 a.m. [MIO 16, 17]

{4} Defendant in effect requests that we disregard the testimony the officer gave during the re-direct examination, because in his view that testimony conflicts with the officer's earlier statements and testimony. However, we are aware of no authority that would allow us to do so. On appeal we view the evidence in the light most favorable to the decision reached below, resolving all conflicts in the testimony in favor of that decision and drawing all reasonable inferences in support of the decision. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. Doing so, we view

the testimony in the following manner: although the recorded deprivation period was nineteen minutes long, the breath test was not administered immediately after the expiration of the recorded deprivation period. Instead, it was administered after the test machine warmed up and went through its diagnostic checks, a process that took two minutes and that was not started until the official deprivation period ended. Therefore, there was evidence to support the metropolitan court's determination that the actual deprivation period, as opposed to the recorded period, was greater than the twenty minutes required by the regulations.

{5}     Defendant again argues that if the breath-test results are excluded, the evidence was insufficient to convict him of DWI. Since we are affirming the metropolitan court's refusal to exclude those results, this argument is moot.

{6}     Based on the foregoing discussion and on the analysis set out in the notice of proposed disposition, we affirm Defendant's conviction for DWI.

{7}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**

4

_____

**LINDA M. VANZI, Judge**